UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

———

RAFEAL BEAN #253562,

                Plaintiff,                             Case No. 2:07-cv-113

v.                                                HON. WENDELL A. MILES

GREG MCQUIGGIN, et al.,

                Defendants.

_____/

## REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

**Discussion**

I.      Factual allegations

Plaintiff Rafeal Bean, an inmate at the Baraga Maximum Correctional Facility (AMF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Warden Greg McQuiggin, Deputy Warden Linda Tribley, Assistant Deputy Warden W. Luetzow, Assistant Deputy Warden W. Jondreau, Resident Unit Manager Terry Smith, Assistant Resident Unit Manager Thomas Perttu, Assistant Resident Unit Manager Unknown LeClaire, Resident Unit Manager John Perry, Resident Unit Officer Kevin Lampela, and Mailroom Employee Unknown Party John or Jane Doe.

Plaintiff alleges in his complaint that he is currently being housed in administrative segregation on punitive detention.  On September 11, 2006, Plaintiff received a notice showing that the SCC (Security Classification Committee) had requested that Plaintiff continue to be housed in segregation.  When Plaintiff spoke to Defendant LeClaire about the notice, he was told that he would not be reclassified because of the serious nature of his offense.  Defendant LeClaire stated that Plaintiff had been found guilty of grabbing an officer through the slot at JMF (Southern Michigan Correctional Facility).  Plaintiff claims that this incident never happened and that the falsification of such an incident violated his rights under the Fourteenth Amendment.

Plaintiff filed a grievance regarding his confinement in administrative segregation, which was denied.  Plaintiff subsequently appealed the denial of his grievance to step II and III.  On October 8, 2006, Plaintiff was placed on upper slot restriction by Defendant Lampela with no justification.  Plaintiff filed a grievance on this incident, but his step II appeal came up missing.  During the upper slot restriction, Plaintiff was subjected to the denial of meals and was told to go to the back of his cell in order to be fed through the bottom slot.  Plaintiff claims that he was treated

in a degrading manner, as Defendant Lampela refused to serve him on some days and on other days would make Plaintiff cross his legs and put his "butt" in the air in order to get his trays. Plaintiff also states that Defendant Lampela occasionally turned Plaintiff's tray upside down on the floor.

Plaintiff alleges that on September 7, 2006, Defendant Lampela placed him on a permanent razor restriction, which prevents Plaintiff from shaving on shower days. Defendant Lampela claimed that Plaintiff had thrown his razor at Resident Unit Officer Velmer through the shower slot. Plaintiff claims that he is unable to use hair cream remover (magic shave) because he has sensitive skin. Defendant Tribley approved the restriction without any further review, which violates MDOC policy and rules.

On November 17, 2006, Plaintiff was moved by Defendant Smith for retaliatory reasons. Plaintiff states that he had previously filed a grievance on staff under Defendant Smith's control, claiming that they had assaulted him and that Defendant Smith was aware of this grievance. Plaintiff states that he was placed on A-Wing, which houses mentally ill prisoners, where the noise level is high and the inmates are quite unstable. Plaintiff claims that he is black and that he was treated differently than white inmates when he received loss of privileges for no reason. Plaintiff alleges that on January 11, 2007, Defendant Perry falsely claimed that Plaintiff threatened him. Plaintiff states that Defendant Perry gave him his tray through the bottom slot, even though Plaintiff was not on upper slot restriction at the time. When Defendant Perry picked up the tray, it became stuck in the slot and he had to push it back into Plaintiff's cell. During this time, Defendant Perry claimed that Plaintiff "rustled" the door, despite the fact that Plaintiff was actually at the back of the cell. Defendant Perry subsequently gave Plaintiff a threatening behavior misconduct. Plaintiff claims that Defendant Perry's conduct in arbitrarily imposing an upper slot restriction on him violates MDOC policy and procedure.

Plaintiff claims that Defendant Perttu interfered with his outgoing legal mail, which caused his appeal to the Michigan Supreme Court to be rejected as untimely in January of 2007. Plaintiff states that Defendant Perttu took this action because he wished to retaliate against Plaintiff for filing grievances. On January 17, 2007, Defendant Smith wrote a Notice of Intent on Plaintiff, with regard to the permanent razor restriction, claiming that Plaintiff had inflicted a laceration on Resident Unit Officer Velmer when he threw his razor at him. On January 26, 2007, Defendant Perttu upheld the Notice of Intent on the razor restriction for the second time in violation of MDOC policy. On February 22, 2007, Defendant McQuiggin denied Plaintiff's step II grievance appeal regarding this issue. On March 23, 2007, Prisoner Affairs Office Employee James Armstrong denied Plaintiff's step III grievance appeal. Plaintiff claims that Defendants' actions violated his rights under the First, Eighth and Fourteenth Amendments. Plaintiff seeks compensatory and punitive damages, as well as injunctive relief.

II.     Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Initially, the undersigned notes that Plaintiff is claiming that Defendants' conduct was motivated by desire to retaliate against him for his use of the grievance system. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Thaddeus-X*, 175 F.3d at 394. Moreover, Plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

It is well recognized that "retaliation" is easy to allege and that it can seldom be demonstrated by direct evidence. *See Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987); *Vega v. DeRobertis*, 598 F. Supp. 501, 506 (N.D. Ill. 1984), *aff'd*, 774 F.2d 1167 (7th Cir. 1985). "[A]lleging merely the ultimate fact of retaliation is insufficient." *Murphy*, 833 F.2d at 108. Conclusory allegations of retaliatory motive "with no concrete and relevant particulars" fail to raise a genuine issue of fact for trial. *Salstrom v. Sumner*, No. 91-15689, 1992 WL 72881, at *1 (9th Cir. Apr. 10, 1992); *see also Birdo v. Lewis*, No. 95-5693, 1996 WL 132148, at *1 (6th Cir. Mar. 21, 1996); *Fields v. Powell*, No. 94-1674, 1995 WL 35628, at *2 (6th Cir. Jan. 30, 1995); *Williams v. Bates*, No. 93-2045, 1994 WL 677670, at *3 (6th Cir. Dec. 2, 1994). Plaintiff merely alleges the ultimate fact of retaliation in this action. He has alleged no facts to support his conclusion that Defendants' conduct was motivated by a desire to retaliate for Plaintiff's use of the grievance system. Accordingly, his speculative allegations fail to state a claim.

The Supreme Court long has held that the Due Process Clause does not protect every change in the conditions of confinement having an impact on a prisoner. *See Meachum v. Fano*, 427 U.S. 215, 225 (1976). In *Sandin v. Hewitt*, 515 U.S. 472, 484 (1995), the Court set forth the standard for determining when a state-created right creates a federally cognizable liberty interest protected by the Due Process Clause. According to the *Sandin* Court, a prisoner is entitled to the protections of due process only when a deprivation imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484; *see also Jones v. Baker*, 155 F.3d 810, 812 (6th Cir. 1998); *Rimmer-Bey v. Brown*, 62 F.3d 789, 790-91 (6th Cir. 1995). *But cf. Wilkinson v. Austin*, 125 S. Ct. 2384, 2394-95 (2005) (placement in "supermax" facility sufficiently atypical to implicate due process). The *Sandin* Court concluded that mere placement in administrative segregation did not implicate a liberty interest because the segregation at issue in that case did not impose an atypical and significant hardship. *Sandin*, 515 U.S. at 484.

Here, Plaintiff clearly has failed to suggest that his segregation status, razor restriction and upper slot restriction impose an atypical and significant hardship. Plaintiff's sole complaints are that he cannot use a razor to shave on shower day and was required to receive his food through the lower slot while he stayed at the back of his cell while on upper slot restriction. Such concerns fail to rise to the level of a due process violation.

In addition, to the extent that Plaintiff is claiming he received false misconduct tickets, these claims are barred by the holding in *Edwards v. Balisok*, 520 U.S. 641, 648 (1997). Plaintiff claims that he was falsely convicted of assault and threatening behavior, major misconduct tickets. He also appears to claim that evidence from other witnesses should have been explored instead of relying on a staff member's statement about the incident. The Supreme Court has held that a claim for declaratory relief and monetary damages that necessarily implies the invalidity of the

- 6 -

punishment imposed, is not cognizable under § 1983 until the conviction has been overturned. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (addressing allegations of deceit and bias on the part of the decisionmaker in a misconduct hearing). The Court relied upon *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), which held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid,* a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *Edwards*, 520 U.S. at 646 (emphasis in original). As the Supreme Court recently has stated, "[t]hese cases, taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 125 S. Ct. 1242, 1248 (2005). Thus, where a prisoner's claim of unfair procedures in a disciplinary hearing necessarily implies the invalidity of the deprivation of good-time credits, his claim is not cognizable under § 1983. *Id.*; *see also Bailey v. McCoy*, No. 98-1746, 1999 WL 777351, at *2 (6th Cir. Sept. 21, 1999) (collecting Sixth Circuit decisions applying *Edwards* to procedural due process challenges), *cert. denied*, 122 S. Ct. 1795 (2002). *See also Muhammad v. Close*, 540 U.S. 749 (2004) (holding that the *Heck-Edwards* bar applies to prison misconduct challenges only when good-time credits are implicated).

In *Muhammad v. Close*, 540 U.S. 749 (2004), the Supreme Court clarified that *Edwards* requires the favorable termination of a disciplinary proceeding before a civil rights action may be filed only in cases where the duration of the prisoner's sentence is affected. *See Johnson v. Coolman*, No. 03-1909, 2004 WL 1367271, at *1 (6th Cir. June 15, 2004). In other words, *Edwards* still applies where a plaintiff has lost good time as the result of the misconduct conviction. Under

Michigan law, a prisoner loses good time credits for the month of his major misconduct disciplinary conviction.  *See* MICH. COMP. LAWS § 800.33.  In addition, the warden may order forfeiture of previously accumulated credits in cases.  *Id.*  Plaintiff does not assert that he did not forfeit good time credit for the months of his convictions.  Accordingly, Plaintiff's claim remains noncognizable under § 1983 because a ruling on the claim would, if established, necessarily imply the invalidity of his disciplinary conviction.  *See  Shavers v. Stapleton*, No. 03-2210, 2004 WL 1303359, at *1 (6th Cir. June 9, 2004).

Under Michigan law, a prisoner may seek a rehearing of a decision made by the Hearings Division within thirty calendar days after a copy of the Misconduct Report is received. MICH. COMP. LAWS § 791.254; Policy Directive 03.03.105, ¶ DDD.  Upon denial of his motion for rehearing, a prisoner may file an application for leave to appeal in the state circuit court.  *See* MICH. COMP. LAWS  § 791.255(2); Policy Directive 03.03.105, ¶ GGG (concerning appeal).  If he is not successful, he may then seek to overturn the convictions by bringing a federal habeas corpus action.[1] Accordingly, because Plaintiff has not shown that his convictions have been invalidated, his claims are not presently cognizable.  He therefore fails to state a claim on which relief can be granted.  *See Morris v. Cason*, No. 02-2460, 2004 WL 1326066 (6th Cir. June 10, 2004) (a claim barred by *Heck* is properly dismissed for failure to state a claim); *Murray v. Evert*, No. 03-1411, 2003 WL 22976618 (6th Cir. Dec. 8, 2003) (same); *Harris v. Truesdell*, No. 03-1440, 2003 WL 22435646 (6th Cir. Oct. 23, 2003) (*Heck*-barred claim fails to state a claim and is frivolous).

---

[1]A misconduct conviction results in the loss of good-time credits, which is equivalent to a loss of a "shortened prison sentence."  *See Wolff v. McDonnell*, 418 U.S. 539, 556-57 (1974).  A challenge to a "shortened prison sentence" is a challenge to the fact or duration of confinement that is properly brought as an action for habeas corpus relief.  *See Preiser v. Rodriguez*, 411 U.S. 475 (1973).  However, a prisoner must exhaust available state remedies before bringing a habeas corpus action, which would include appealing the conviction through the state courts.  *See* 28 U.S.C. § 2254(b)(1).

Plaintiff also appears to be claiming that Defendants' conduct violated his rights under the Eight Amendment.  The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes.  Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency."  *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981).  The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain."  *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346).  The deprivation alleged "must result in the denial of 'the minimal civilized measure of life's necessities.'"  *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich* , 148 F.3d 596, 600-601 (6th Cir. 1998).  The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement."  *Rhodes*, 452 U.S. at 348.  Moreover, "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment."  *Ivey*, 832 F.2d at 954.

Plaintiff also claims that the conditions and restrictions imposed upon him have caused him mental distress in violation of his Eighth Amendment rights.  Plaintiff cites segregation, upper slot restriction and permanent razor restriction.  Plaintiff also claims that the other segregation prisoners are disruptive and noisy.  The Eighth Amendment prohibits punishments that are not only physically barbaric, but also those which are incompatible with "the evolving standards of decency that mark the progress of a maturing society," or which "involve the unnecessary and wanton infliction of pain."  *Estelle v. Gamble*, 429 U.S. 97, 102-103(1976).  To establish an Eighth Amendment claim, the prisoner must show that he was deprived of the "minimal civilized measure of life's necessities."  *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).  Restrictions that are restrictive or even harsh, but are not cruel and unusual under contemporary standards, are not

unconstitutional. *Id.* Thus, federal courts may not intervene to remedy conditions that are merely unpleasant or undesirable.

Placement in segregation is a routine discomfort that is "'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes*, 452 U.S. at 347; *see also Jones v. Waller*, No. 98-5739, 1999 WL 313893, at \*2 (6th Cir. May 4, 1999). Although it is clear that Plaintiff was denied certain privileges as a result of his administrative segregation, he does not allege or show that he was denied basic human needs and requirements. The Sixth Circuit has held that without a showing that basic human needs were not met, the denial of privileges as a result of administrative segregation cannot establish an Eighth Amendment violation. *See Bradley v. Evans*, No. 98-5861, 2000 WL 1277229, at \*8 (6th Cir. Aug. 23, 2000), *cert. denied*, 531 U.S. 1023 (2000); *Collmar v. Wilkinson*, No. 97-4374, 1999 WL 623708, at \*3 (6th Cir. Aug.11, 1999). Moreover, Plaintiff cannot not bring an Eighth Amendment claim for emotional or mental damages because he does not allege a physical injury. *See* 42 U. S.C. §1997e(e); *see also Hudson*, 503 U.S. at 5; *Watson v. McClanahan*, No. 99-6124, 2000 WL 922899, at \*2 (6th Cir. June 27, 2000); *Benson v. Carlton*, No. 99-6433, 2000 WL 1175609, at \*1 (6th Cir. Aug. 9, 2000). As such, Plaintiff fails to state an Eighth Amendment claim against Defendants.

Finally, Plaintiff appears to be claiming that Defendant Perttu interfered with his outgoing mail, which caused an appeal to the Michigan Supreme Court to be rejected as untimely. However, Plaintiff fails to specify the nature of the case in which his appeal was rejected. In *Bounds v. Smith*, 430 U.S. 817 (1977), the Supreme Court recognized a prisoner's fundamental right of access to the courts. While the right of access to the courts does not allow a State to prevent an inmate from bringing a grievance to court, it also does not require the State to enable a prisoner to

discover grievances or litigate effectively.  *Lewis v. Casey*, 518 U.S. 343 (1996).  Thus, *Bounds* did

not create an abstract, free-standing right to a law library, litigation tools, or legal assistance.  *Id.* at

351 (1996).  Further, the right may be limited by legitimate penological goals, such as maintaining

security and preventing fire or sanitation hazards.  *See Acord v. Brown*, No. 91-1865, 1992 WL

58975 (6th Cir. March 26, 1992); *Hadix v. Johnson*, No. 86-1701, 1988 WL 24204 (6th Cir. March

17, 1988); *Wagner v. Rees*, No. 85-5637, 1985 WL 14025 (6th Cir. Nov. 8, 1985).

> To state a claim, an inmate must show that any shortcomings in the library, litigation

tools, or legal assistance caused actual injury in his pursuit of a legal claim.  *Lewis*, 518 U.S. at 351;

*Talley-Bey*, 168 F.3d at 886; *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996); *Pilgrim v. Littlefield*,

92 F.3d 413, 416 (6th Cir. 1996); *Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir. 1985).  An inmate

must make a specific claim that he was adversely affected or that the litigation was prejudiced.

*Vandiver v. Niemi*, No. 94-1642, 1994 WL 677685, at *1 (6th Cir. Dec. 2, 1994).  Particularly, an

inmate cannot show injury when he still has access to his legal materials by request, *Kensu*, 87 F.3d

at 175, when he fails to state how he is unable to replicate the confiscated documents, *Vandiver*,

1994 WL 677685, at *1, or when he could have received the material by complying with the limits

on property, e.g., where he had the opportunity to select the items that he wanted to keep in his cell,

or when he had an opportunity to purchase a new footlocker that could hold the property.  *Carlton*

*v. Fassbender*, No. 93-1116, 1993 WL 241459, at *2 (6th Cir. July 1, 1993).

> As noted above, in order to state a viable claim for interference with his access to the

courts, a plaintiff must show "actual injury."  *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *see also*

*Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1999).  The Supreme Court has strictly limited the

types of cases for which there may be an actual injury:

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Lewis*, 518 U.S. at 355. "Thus, a prisoner's right to access the courts extends to direct appeals, habeas corpus applications, and civil rights claims only." *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (en banc). Moreover, the underlying action must have asserted a non-frivolous claim. *Lewis*, 518 U.S. at 353; *accord Hadix v. Johnson*, 182 F.3d 400, 405 (6th Cir. 1999) (*Lewis* changed actual injury to include requirement that action be non-frivolous). As noted above, Plaintiff fails to allege any specific facts in support of this claim. Therefore, the undersigned recommends dismissal of Plaintiff's access to courts claim against Defendant Perttu.

### Recommended Disposition

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

/s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   October 10, 2007

- 12 -

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).