UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RAFAEL BEAN, #253562,

    Plaintiff,

v

GREG McQUIGGIN, et al.,

    Defendants.

_____/

Case No. 2:07-cv-113

Hon. Wendell A. Miles

ORDER ON MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

    Rafael Bean, a state prisoner currently confined at Michigan's Baraga Maximum Correctional Facility, filed a complaint in this case asserting various claims under 42 U.S.C. § 1983. On October 10, 2007, United States Magistrate Judge Timothy P. Greeley issued a Report and Recommendation ("R & R") recommending that the complaint be dismissed for failure to state a claim. The plaintiff has responded with a 16-page document titled "Petitioner's [sic] Objections to Report and Recommendation" (doc. no. 9).

    When a magistrate judge makes a ruling on a motion or issue, his determination should become that of the court unless objections are filed. See Thomas v. Arn, 474 U.S. 140, 150-53 (1985). Although plaintiff has filed a 16-page document which he has described as "objections" to the R & R, plaintiff's submission does not list any specific objections to or point to any legal or factual errors contained in the R & R. Instead, the document plaintiff has filed appears to be

incomplete, insofar as the initial page cuts off after the clause "petitioner [sic] says the following . . . ." The remainder of the document appears to be an incomplete version of an amended complaint.

Plaintiff has failed to comply with the requirement of Fed.R.Civ.P. 72(b) for "specific" objections.  "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object." Howard v. Secretary of Health and Human Services, 932 F.2d 505, 509 (6th Cir. 1991).  That effect is the waiver of the right to appeal. Id. at 508 (citing United States v. Walters, 638 F.2d 947, 949-950 (6th Cir. 1981)).  Another effect is that the court is not required by Fed.R.Civ.P. 72(b) to make a *de novo* determination of matters addressed by the magistrate judge.  Given the absence of specific objections to the R & R, the court therefore adopts the thorough and well reasoned recommendation to dismiss the complaint for failure to state a claim.

However, it appears that plaintiff has attempted to file an amended complaint.  Federal Rule of Civil Procedure 15(a), as amended effective December 1, 2007, expressly provides that before trial, a party may amend its pleading (1) once as a matter of course, before being served with a responsive pleading, or (2) with the court's leave, which the court should freely give when justice so requires.[1]   Here, although plaintiff did not need leave of court to file an amended complaint because the action had not yet been dismissed and no answer had been served, the amended complaint which he submitted is clearly incomplete.  It begins with the words "Claim

---

[1] Although this action was filed before the effective date of the amendment to Rule 15, the changes made by the amendment are intended to be stylistic only. Fed.R.Civ.P.15 advisory committee's note.

II" and, as noted above, is appended to an incomplete page titled as "Objections" to the R & R.

This case is also subject to mandatory screening under 28 U.S.C. § 1915A , 28 U.S.C. § 1915(e), and 42 U.S.C. § 1997e(c).  See Jones v. Bock, 127 S.Ct. 910, 914 (2007) (the Prison Litigation Reform Act of 1995 (PLRA), among other reforms, "mandates early judicial screening of prisoner complaints").  Pursuant to such screening, sua sponte dismissal is in order if an action is frivolous or malicious, the complaint fails to state a claim, or the plaintiff seeks monetary relief from a defendant immune from such relief.  Jones, 127 S.Ct. at 920.  Amended complaints are not exempt from screening.  Accordingly, the court must screen any proposed amended complaint, although plaintiff must first file a complete document which is suitable for screening.

**Conclusion**

IT IS HEREBY ORDERED as follows:

1. The R & R of the Magistrate Judge is approved,  insofar as it recommends the dismissal of this action for failure to state a claim.

2. If plaintiff Bean wishes to avoid dismissal on the merits as recommended, he shall, within *20 days* of this order, file a complete version of the partial amended complaint he appended to his objections.  The amended complaint shall be a self-sufficient document and shall not incorporate by reference any portion of the original complaint.  Plaintiff Bean's failure to file an amended complaint as required by this order and within the required time period will result in the dismissal of this action for failure to state a claim, as recommended in the R & R.

4. Any amended complaint filed by plaintiff Bean shall be screened as provided by law, and this action is referred to United States Magistrate Judge Timothy P. Greeley, pursuant to 28

U.S.C. § 636(b)(1)(A), both for screening and for all other pretrial matters.

So ordered this 4th day of March, 2008.

                                             /s/ Wendell A. Miles
                                            Wendell A. Miles, Senior Judge