UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RAFEAL BEAN,

    Plaintiff,

v.                                                Case No. 2:07-cv-113
                                                HON. ROBERT HOLMES BELL
GREG MCQUIGGIN, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Rafeal Bean, an inmate currently confined at the Marquette Branch Prison (MBP), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 Defendants Warden Greg McQuiggin, Deputy Warden Linda Tribley, Assistant Deputy Warden W. Luetzow, Assistant Deputy Warden W. Jondreau, Resident Unit Manager Terry Smith, and Assistant Resident Unit Manager Thomas Perttu. On September 2, 2008, the court ordered service on Defendant Perttu with regard to Plaintiff's access to courts claim and dismissed Plaintiff's claims against the remaining Defendants (docket #15 and #16).

Plaintiff claims that Defendant Perttu interfered with his outgoing legal mail, which caused his criminal appeal to the Michigan Supreme Court to be rejected as untimely in January of 2007. Plaintiff offers a copy of the order rejecting his appeal in support of this assertion. (*See* Exhibit E to Plaintiff's amended complaint, docket #13.) Plaintiff seeks compensatory and punitive damages, as well as injunctive relief.

Presently before the Court is Defendant Perttu's Motion for Summary Judgment, pursuant to Fed. R. Civ. P. 56. Plaintiff has filed a response and the matter is ready for decision. Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

In his brief in support of the motion for summary judgment, Defendant Perttu states that he is entitled to summary judgment because he was not the proximate cause of Plaintiff's injury.

It is well established that prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). The principal issue in *Bounds* was whether the states must protect the right of access to the courts by providing law libraries or alternative sources of legal information for prisoners. *Id.* at 817. The Court further noted that in addition to law libraries or alternative sources of legal knowledge, the states must provide indigent inmates with "paper and pen to draft legal documents, notarial services to authenticate them, and with stamps to mail them." *Id.* at 824-25. An indigent prisoner's constitutional right to legal resources and materials is not, however, without limit. In order to state a viable claim for interference with his access to the courts, a plaintiff must show "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *see also Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1, 1999); *Knop v. Johnson*, 977 F.2d 996, 1000 (6th Cir. 1992); *Ryder v. Ochten*, No. 96-2043, 1997 WL 720482, *1-2 (6th Cir. Nov. 12, 1997). In other words, a plaintiff must plead and demonstrate that the shortcomings in the prison legal assistance program or lack of legal materials have hindered, or are presently hindering, his efforts to pursue a nonfrivolous legal claim. *Lewis*, 518 U.S. at 351-353; *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

As noted by the parties in this case, proximate causation is an essential element of a § 1983 claim for damages. *Horn v. Madison County Fiscal Court*, 22 F.3d 653, 659 (6th Cir.), *cert. denied*, 513 U.S. 873 (1994). The parties agree that Plaintiff presented his legal mail to Defendant Perttu on December 29, 2006, and requested expedited handling. Defendant Perttu attests that Plaintiff refused to sign and date the disbursement authorization in Defendant Perttu's presence, and presented the envelope already sealed. Consequently, pursuant to Operating Procedure 05.03.118 CFA ¶ 6, which is attached as an exhibit to the brief, Defendant Perttu denied Plaintiff's request for expedited mail, but approved the item for regular legal mail. The disbursement authorization form

indicates that the mail was processed out of the facility on the next regular business day, January 3, 2007, which is the same date as it would have been processed had the mail gone via expedited legal mail. (Defendant Perttu's Exhibits 1 and 3.) According to the step III grievance appeal, Plaintiff's filing deadline for the Michigan Supreme Court was January 4, 2007. (Defendant Perttu's Exhibit 5.) Defendant Perttu asserts that the fact that Plaintiff's criminal appeal to the Michigan Supreme Court was rejected as untimely was not the result of any actions taken by Defendant Perttu, but was the result of Plaintiff waiting until the last minute to mail his appeal.

In response to this assertion, Plaintiff states that if his mail had gone out as expedited mail, it would have gone out on December 29, 2006, and would have made it to the court prior to the January 4, 2007, deadline. In support of this, Plaintiff refers to Operating Procedure 05.03.118 CFA, p. 3 of 5, ¶ 11, which indicates that for a request for postage only, the legal mail is to be weighed, have the appropriate postage applied, and mailed immediately. (Defendant Perttu's Exhibit 3.) However, Plaintiff fails to address Defendant Perttu's assertion that the reason he did not send out the mail as expedited was because Plaintiff refused to sign and date the disbursement authorization in Defendant Perttu's presence, and presented the envelope already sealed. Moreover, given the fact that there was a holiday weekend during the pertinent time period, there was no guarantee that the appeal would have reached the Michigan Supreme Court by January 4, 2007, even if it had been placed in the mail on December 29, 2006. Therefore, it does not appear to have been reasonable of Plaintiff to wait until December 29, 2006, to mail out his appeal. Because Plaintiff's unreasonable behavior resulted in his appeal being rejected as untimely by the Michigan Supreme Court, Defendant Perttu is entitled to summary judgment.

In summary, in the opinion of the undersigned, Plaintiff has failed to sustain his burden of proof in response to Defendant Perttu's motion for summary judgment. Accordingly, it is recommended that Defendant Perttu's motion for summary judgment (docket #24) be granted and that this case be dismissed in its entirety.

Should the court adopt the report and recommendation in this case, the court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the undersigned recommends granting Defendant's motion for summary judgment, the undersigned discerns no good-faith basis for an appeal. Should the court adopt the report and recommendation and should Plaintiff appeal this decision, the court will assess the $455 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455 appellate filing fee in one lump sum.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: July 31, 2009