UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RAFAEL BEAN,

        Plaintiff,

File No. 2:07-cv-113

v.

HON. ROBERT HOLMES BELL

GREG McQUIGGIN, et al.,

        Defendants.
                                          /

## MEMORANDUM OPINION AND ORDER
## ADOPTING THE REPORT AND RECOMMENDATION

Plaintiff Rafael Bean, a prisoner confined at Marquette Branch Prison, brought this action pursuant to 42 U.S.C. § 1983. On July 31, 2009, United States Magistrate Judge Timothy P. Greeley issued a Report and Recommendation ("R&R") recommending that the motion for summary judgment filed by Defendant Assistant Resident Unit Manager Thomas Perttu be granted. Plaintiff filed objections to the R&R on August 14, 2009. This Court is required to make a *de novo* determination of those portions of a R&R to which specific objections are made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). For the reasons that follow, Plaintiff's objections will be denied and the R&R will be adopted as the opinion of the Court.

Plaintiff's claim arises from his alleged submission of legal documents to Defendant Perttu for mailing on December 29, 2006. Plaintiff contends that he submitted them for expedited processing but that Defendant refused and sent them via regular mail processing. Plaintiff's documents were ultimately mailed on January 3, 2007, which proved to be too late for Plaintiff to meet a January 4, 2007, deadline for the filing of his criminal appeal to the Michigan Supreme Court. The R&R noted that Plaintiff did not respond to Defendant Perttu's contention that Defendant refused expedited mail processing because Plaintiff would not sign and date the required disbursement form in Defendant's presence and because Plaintiff allegedly submitted his mailing already sealed. Plaintiff objects to this finding, referencing a page signed by Plaintiff, dated December 29, 2006, that appears to have been notarized by Defendant Perttu. (Dkt. No. 35, Bean Aff., Ex. 1.) Plaintiff contends that this page was part of his mailing and is evidence that his mail was not sealed when he presented it to Defendant Perttu.[1] Even if this evidence raises an issue of fact as to whether his mailing was sealed, Plaintiff concedes in his affidavit that the disbursement form was not properly dated. He asserts that he signed the disbursement form but forgot to date it and did not know the time. (Bean Aff. ¶ 3.) The Court notes that the copies of the disbursement forms submitted by Defendant Perttu appear to have been signed by Plaintiff, but the date of submission is incomplete on one and no time is noted on either form. (Dkt. No. 35, Def.'s Br. in Supp. of Mot. for Summ. J., Ex. 1.) Thus, according to the evidence, and by Plaintiff's

---

[1]This page is attached to an affidavit that was filed with the Court several months after Plaintiff submitted his response to the summary judgment motion, but prior to the R&R.

own admissions, Plaintiff's mail did not qualify for expedited mail handling under Michigan Department of Corrections ("MDOC") operating procedures. *See* MDOC Operating Procedure 05.03.118 CFA ¶ 6 (Jan. 18, 2005) ("Prisoner must sign and date the disbursement in the [official's] presence. This includes indicating the time the disbursement was hand delivered.").

Even if Plaintiff's evidence were sufficient to raise a genuine issue of material fact with respect to whether or not Defendant refused expedited mailing because it did not qualify for such processing, it fails to save his claim. In his objections, Plaintiff does not address the finding in the R&R that Plaintiff's mail would not have been sent any earlier if it had been processed as expedited mail. As noted in the R&R, because of the weekend and holidays[2] Plaintiff's mail was sent on January 3, 2007, the first business day following its receipt. Michigan Department of Corrections ("MDOC") policy directives note that legal mail being sent in connection with "pending litigation" is to be processed "as soon as possible" and that "[a]n expedited process for such mail shall be established . . . by which prisoners may have such mail processed *within two business days after initial receipt*." MDOC P.D. 05.03.118 ¶ O (June 6, 2005) (emphasis added). There is no genuine dispute that Plaintiff's mail was sent by Defendants within two business days of receipt. Thus, the Court agrees with the

---

[2]In addition to New Year's Day, post offices were closed and regular mail delivery service was suspended on January 2, 2007, due to the death of former President Gerald R. Ford. *See* USPS News Release, *available at* http://www.usps.com/communications/news/press/2006/pr06_091.htm (last visited Sept. 1, 2009).

3

R&R that Plaintiff has not established that Defendant Perttu's decision to process Plaintiff's mail as regular mail caused a delay or was otherwise the proximate cause of any injury to Plaintiff.

In his objections, Plaintiff also requests that the Court afford Plaintiff an opportunity to conduct further discovery. Rule 56(f) of the Federal Rules of Civil Procedure allows the Court to deny or continue a summary judgment motion where the opposing party "shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition . . . ." Fed. R. Civ. P. 56(f). Construing Plaintiff's request liberally as a motion under Rule 56(f), Plaintiff has not provided the requisite affidavit, nor has he indicated what evidence he expects to obtain through additional discovery. *See Heard v. Caruso*, Nos. 08-1710, 08-1779, 08-1820, 2009 WL 2628293, at *10 (6th Cir. Aug. 27, 2009) (affirming denial of Rule 56(f) motion where the movant failed "to specify . . . what he hoped to uncover through discovery that would have created genuine issues of material fact as to his various claims.") Thus, the Court will deny Plaintiff's request.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections to the Report and Recommendation of the Magistrate Judge and request for additional discovery (Dkt. No. 38) are **DENIED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation (Dkt. No. 37) is **APPROVED** and **ADOPTED** as the opinion of this Court.

**IT IS FURTHER ORDERED** that Defendant Thomas Perttu's motion for summary judgment (Dkt. No. 24) is **GRANTED** and the Court hereby enters **JUDGMENT** in favor of Defendant Thomas Perttu.

**IT IS FURTHER ORDERED** that the Court finds that there is no good faith basis for appeal. 28 U.S.C. § 1915(a)(3).

**This case is CONCLUDED.**


Dated: September 3, 2009                                          /s/ Robert Holmes Bell
                                                                  ROBERT HOLMES BELL
                                                                  UNITED STATES DISTRICT JUDGE